IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSE MORALES,

    Petitioner,

v.

    Civil action No. 1:13cv5
    Criminal action No. 1:06cr68-3
    (Judge Stamp)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 15, 2013, the *pro se* petitioner, an inmate at Phoenix FCI in Phoenix, Arizona, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On January 16, 2013, the Clerk of Court sent him a deficiency notice, directing him to re-file his petition on a court-approved form by February 6, 2013. Having received no response to the deficiency notice, by Order entered February 11, 2013, petitioner was directed to show cause why his case should not be dismissed for failure to prosecute. On February 25, 2013, petitioner filed a Response to Order to Show Cause, contending that he had filed his court-approved form petition by putting it in the prison's mail system on January 28, 2013, and enclosing another copy of it, along with a sworn affidavit attesting to that fact. The Government was directed to answer the same day. On March 27, 2013, the Government filed its response. (Dkt.# 358), and on April 12, 2013, the petitioner filed a reply. (Dkt.# 359). This matter, which is pending before me for report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Facts

**A. Conviction and Sentence**

1

Petitioner and seven co-defendants were charged in a seven-count second superseding indictment of various methamphetamine drug conspiracy and distribution crimes. Of the eight involved, petitioner was the only one who elected to go to trial. On December 16, 2008, after a five-day trial, during which he took the stand to testify in his own defense, petitioner was convicted of Counts One, Two and Three, conspiracy to distribute more than 50 grams of methamphetamine, in violation of Title 21, United State Code, § 841(a)(1); conspiracy to engage in interstate travel in aid of a racketeering enterprise, in violation of Title 18, United State Code, §1952(a)(3); and conspiracy to commit money laundering, in violation of Title 18, United State Code, §1956(a)(1).

On March 6, 2009, petitioner was sentenced to 360 months imprisonment on Count One; 60 months imprisonment on Count Two; and 340 months imprisonment on Count Three, with all three sentences to run concurrently, and 5 years supervised release on Count One; 3 years supervised release on Count Two; and 3 years supervised release on Count Three, with all three sentences of supervised release to run concurrently. He was also assessed a $100 special assessment fee for each of the three counts, for a total of $300.00.

**B. <u>Appeal</u>**

On March 16, 2009, petitioner, through appellate counsel, filed a notice of appeal. By unpublished *per curiam* opinion dated October 15, 2010, the Fourth Circuit affirmed his conviction and sentence. On November 2, 2010, petitioner filed a *pro se* petition for rehearing *en banc*, which was denied on August 30, 2011. Mandate issued on September 7, 2011. On November 23, 2011, through counsel, petitioner petitioned for a writ of *certiorari,* which was denied on January 9, 2012.

**C. <u>Federal Habeas Corpus</u>**

**Petitioner's Contentions (Dkt.# 345 and 355-3)**

The petitioner contends that counsel was ineffective before and during trial, and raises an intertwined ground of ineffective assistance of appellate counsel with a consequent denial of the right to appeal.

As relief, he requests that the court "[s]trike All Appellate Proceedings, Remove [Roger] Curry as Counsel, [and] Appoint New Counsel."

**Government's Response (Dkt.# 358)**

The Government contends that petitioner's claims of ineffective assistance are, with one exception, vague and unsupported, and petitioner's claim that he was unaware that his prior felony drug conduct would be subject to review is not credible. Further, his claim that appellate counsel was ineffective for not raising the arguments he wanted on appeal is negated by the fact that he raised the arguments himself in his pro se petition for rehearing en banc. Likewise, petitioner's complaint that appellate counsel filed a petition for writ of certiorari without his input lacks merit; counsel was preserving petitioner's appellate rights.

Finally, the Government argues that petitioner's §2255 motion is untimely, because it was received after the date of the one year statute of limitations under AEDPA.

**Petitioner's Reply (Dkt.# 359)**

Petitioner reiterates his claims and attempts to refute the Government's arguments on the same.

### III. Analysis

**A. Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United

3

States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. U.S.A., 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006).

**B. Timeliness**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or

3. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, petitioner's judgment was entered on March 6, 2009. Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals, where the District Court's judgment was affirmed on October 15, 2010. Since petitioner filed a petition for writ of *certiorari* to the U.S. Supreme Court, his conviction became final on January 9, 2012, the date

---

[1] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

4

*certiorari* was denied. See Clay v. U.S., 537 U.S. 522 (2003). Therefore, the petitioner had one year from that date in which to timely file a § 2255 motion. The instant motion was filed on January 15, 2013, but the petitioner signed his petition and delivered it to the prison's mail system on January 5, 2013,[1] four days before the statute of limitations expired. Thus, under the "mailbox rule," his petition is timely.

## C. Ineffective Assistance of Counsel

Petitioner contends generally that counsel was ineffective "from the onset," and that there was "conflict" between them regarding "prosecution and defense techniques used." He contends that on three different occasions before trial he asked counsel to resign, but counsel always managed to "soothe the wrinkles between the two" and "encourage" him on to trial. He contends he went to trial "reluctantly." He argues that the conflict with counsel culminated in counsel's encouraging him to testify at trial without warning him that in doing so, his criminal history would be exposed to the jury, impliedly asserting that his conviction on all counts was a result of counsel's inadequacies.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that the petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

---

[1] There is no legible post mark on the envelope in which petitioner mailed his petition.

A Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Here, petitioner's claimed disagreements with counsel regarding trial strategy provide no specific example of what counsel allegedly did or failed to do that compromised his defense. Habeas petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856 (1994). "In order to obtain an evidentiary hearing on an ineffective assistance claim -- or, for that matter, on any claim -- a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), *cert. denied,* 507 U.S. 923 (1993), *abrogation on other grounds recognized,* Yeatts v. Angelone, 166 F.2d 255 (4th Cir. 1999).

Moreover, there is nothing in the record to support petitioner's claim that he was so unhappy with the representation he was receiving before and during trial that he repeatedly asked counsel to withdraw, as he now contends. To the contrary, the record reveals that at sentencing, when counsel advised the court that he had gone over the PreSentence Investigation Report ("PSR") carefully with petitioner and answered his questions; petitioner likewise indicated his satisfaction with counsel's representation.[2] Subsequently, pursuant to Fed.R.Crim.P. 32(i)(4)(ii), petitioner gave an extensive statement to the court, spanning over nine pages of transcript; while he complained about a number of pre-trial and trial issues, he made no remark disparaging the

---

[2] Dkt.# 311 at 3.

representation he had received.³ Moreover, after sentencing, the court inquired of counsel if he had been CJA-appointed; when counsel indicated that he was, the court responded " . . . well, I want to thank you very much. I thought you did an excellent job, as did counsel for the government; but I want to thank you for all of your efforts in this case on behalf of your client."⁴

Although petitioner now claims he went to trial "reluctantly," resulting in his conviction on all counts, it is apparent from the record that as a result of counsel's vigorous efforts on his behalf, there was an offer of a plea bargain that resulted in extended plea discussions, during which time it was noted he and counsel "communicate[d] excellently."⁵ However, ultimately, as was his right to do, petitioner elected to go to trial instead of enter a plea.⁶ A review of the record reveals that approximately six months before trial, after petitioner was arrested and first presented with the enormous amount of evidence against him, he inquired through counsel if there was anything he could do to help himself. A proffer meeting was arranged for two dates in June, 2007 at the Northern Regional Jail, with petitioner, the Assistant U.S. Attorney ("AUSA"), Special Agent Robert Manchas, and defense counsel.⁷ Petitioner was specifically advised each time that if he subsequently testified inconsistently at trial, Special Agent Manchas "would be able to testify that the defendant had made a prior inconsistent statement which the jury would be allowed to consider. . . in assessing his credibility[.]"⁸ He agreed to the conditions and gave

---

³ Dkt.# 311 at 28 – 36.

⁴ Dkt.# 311 at 41.

⁵ Motion to Appoint Additional Counsel for Limited Purpose of Second Opinion on Plea Offer, Dkt.# 251 at 1. Order Denying Motion to Appoint Additional Counsel for Limited Purpose of Second Opinion on Plea Offer, Dkt.# 252 at 1.

⁶ Dkt.# 256 at 4.

⁷ Dkt.# 256 at 3.

⁸ Dkt.# 256 at 3 - 4.

7

extensive inculpatory information regarding his activities in the methamphetamine conspiracy.[9] However, shortly before trial, he recanted his statements and refused to sign the plea agreement, claiming he had "made all that up[.]"[10]

Finally, petitioner's claim that counsel coerced him into taking the stand and testifying,[11] and that he was unaware that his drug history would be subject to review does not comport with his sworn testimony about his past drug crime history on direct exam, where he testified that he wanted to tell the jury about it because he wanted them to "understand who I am, what my past is."[12]

Here, petitioner has come forward only with the barest of allegations, all of which are unsupported. He has not produced any evidence that his attorney performed inadequately before or at trial. He has neither shown that his attorney made any error at all, let alone shown that counsel made an error so serious that he failed to function as his counsel under the Sixth Amendment. He has not shown that he was prejudiced in any way by counsel's alleged failures. Because these claims are unsupported by the record and lack any factual support, they should be denied.

**D. Ineffective Assistance of Appellate Counsel**

Petitioner claims that appellate counsel was ineffective, because instead of withdrawing as asked, he filed an appeal on his behalf without consulting petitioner as to what issues he wanted raised. Petitioner contends that he wanted new counsel appointed so that he could raise a

---

[9] Dkt.# 256 at 4.

[10] Id.

[11] At sentencing, petitioner received a U.S.S.G. §3C1.1 sentencing enhancement for obstruction of justice for his willfully testifying falsely as to a material fact at trial. Dkt.# 311 at 17.

[12] Dkt.# 309 at 18 – 19.

claim of ineffective assistance against trial counsel. He avers that he did not even realize an appeal had been filed on his behalf until he received the Fourth Circuit's opinion denying it. After petitioner filed his own *pro se* motion for rehearing *en banc* and it was denied, appellate counsel then filed a petition for a writ of *certiorari*, again, allegedly without consulting petitioner as to what issues he wanted raised.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal." Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal,

9

demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Petitioner's claim that his appellate counsel was ineffective for not raising as issues for appeal the alleged ineffective assistance he provided to petitioner before and during trial have already been addressed *supra,* and proven to be meritless. Clearly, here, appellate counsel examined the record with a view to selecting the most promising issues for review. Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). Moreover, because claims of ineffective assistance are generally not considered on appeal, but rather in habeas corpus petitions, it is not surprising that appellate counsel did not choose it as grounds for appeal. Finally, petitioner admits that he raised the issue himself, in his *pro se* petition for rehearing *en banc,* where the Fourth Circuit considered but then denied the motion.[13] Accordingly, even if petitioner could prove ineffectiveness, he can prove no prejudice from counsel's alleged shortcoming in this regard. Petitioner cannot claim that counsel was ineffective in not raising an issue on appeal when there was no issue to raise. See Smith v. Robbins, 528 U.S. 259, 288 (2000). Ergo, this claim fails.

## C. **Denial of the Right to Appeal**

Petitioner claims that he was effectively denied the right to an appeal, when appellate counsel failed to consult him on the issues to be raised on appeal and in the petition for writ of *certiorari* to the Supreme Court. This claim has already been examined and found to be meritless, thus, it should be dismissed as well.

---

[13] Of note, nowhere in petitioner's Petition for Rehearing En Banc does he allege that he repeatedly asked counsel to withdraw prior to trial, or that appellate counsel prepared the appeal without input from him.

# V. Recommendation

For the above-stated reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion and **DISMISSING** it from the Court's docket.

**Within fourteen (14) days** of being served with a copy of this Recommendation, **or by May 15, 2013**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, and to transmit a copy electronically to all counsel of record.

The Clerk is further directed to terminate the referral of this action to the undersigned.

Dated: May 1, 2013

                                                 **/s/** James E. Seibert
                                                 JAMES E. SEIBERT
                                                 UNITED STATES MAGISTRATE JUDGE