IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JESSE MORALES,

    Petitioner,

v.                                     Civil Action No. 1:13CV5
                                       (Criminal Action No. 1:06CR68-03)
UNITED STATES OF AMERICA,                           (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Procedural History

The grand jury indicted the petitioner, Jesse Morales, who now appears pro se[1], and seven co-defendants in a second superseding indictment involving several methamphetamine drug conspiracy and distribution crimes. After a five-day trial, in which the petitioner testified, the petitioner was convicted of Count One, conspiracy to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count Two, conspiracy to engage in interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. § 1952(a)(3); and Count Three, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1).

This Court sentenced the petitioner to 360 months of incarceration on Count One; 60 months of incarceration on Count

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 1999).

Two; and 340 months of incarceration on Count Three, with all three sentences of supervised release to run concurrently. The petitioner, through appellate counsel,[2] filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed his conviction and sentence. The petitioner then filed a pro se petition for rehearing en banc, which was denied. This pro se petition made the same or at least drastically similar arguments as the underlying appeal filed by appellate counsel. A writ of certiorari was then filed, through counsel, with the United States Supreme Court, this was also denied.

## II. Facts

The petitioner then filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. This motion was fully briefed by the parties. The petitioner contends in his motion that his counsel was ineffective before and during trial, and also during the appeals process. He further argues that his appellate counsel filed an appeal without his knowledge or consent. Thus, he asserts that this Court should strike his appellate proceedings, remove his counsel, and appoint new counsel.

---

[2]Petitioner was represented by the same attorney for both the trial and direct appeal stages of his case.

The government contends that petitioner's claims are either vague and unsupported, or lack merit. Further, the government argues that the petitioner's § 2255 motion is untimely. The petitioner's reply attempted to refute the government by reasserting the claims in his petition.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. The magistrate judge rejected the government's untimeliness argument, but found that nevertheless, the petitioner's claims of ineffective assistance must fail. The magistrate judge reports that the petitioner's allegations of ineffective assistance are insufficient and are belied by the record.

The petitioner filed objections. He first argues that the magistrate judge overstated the record evidence with regard to the petitioner's satisfaction with his counsel. Further, he foregoes objections to the ineffective assistance of counsel claims at the trial stage by stating "[o]nly the appellate stage is being addressed at this time." Thus, the petitioner focuses on the assistance he received at the appellate stage and reiterates his allegations as to that claim. However, for the reasons set forth

3

below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### IV. Discussion

This Court will first review the timeliness argument raised by the government and denied by the magistrate judge. The Court will then review the ineffective assistance claims in turn. This Court finds that based on this review, the petitioner's claims must be denied.

A. Timeliness

In its response to the underlying petition, the government argues that the petitioner failed to file within the limitations period afforded by § 2255. The limitation period for a § 2255 petition can begin to run from the last of several occurrences. 28

4

U.S.C. § 2255. Of note in this case is that the limitation period "shall run from . . . [t]he date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255.

As the magistrate judge noted, judgment was entered in this Court on March 6, 2009. However, the petition for writ of <u>certiorari</u> to the Supreme Court was not denied until January 9, 2012. Thus, January 9, 2012 was the date on which the judgment of conviction became final.[3] The petitioner's motion was filed with this Court on January 15, 2013, however, the petition was delivered to the prison's mail system on January 5, 2013. Under the "mailbox rule,"[4] the petitioner filed his petition four days before the statute of limitations expired and thus, his petition was timely. Consequently, the petition cannot be dismissed for untimeliness.

B.  <u>Ineffective Assistance of Trial Counsel</u>

In the petitioner's objections, the petitioner begins with a short overview of how his counsel ineffectively approached his case before and during trial. He then, however, states that:

> There were two actual separate and distinct claims of ineffectiveness being addressed by the Petitioner [in the petition]. Only the appellate stage is being addressed at this time. Morales comes forth with an ineffective

---

[3]<u>Lawrence v. Florida</u>, 549 U.S. 327, 339 (2007) ("a judgment of conviction is not final until [the Supreme Court has] declined review or decided the case on the merits") (<u>citing</u> <u>Clay v. United States</u>, 537 U.S. 522 (2003) (interpreting § 2255).

[4]<u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988) (a <u>pro se</u> prisoner files court documents when they are delivered to prison authorities).

5

> claim that should be limited to the scope of the appellate stage . . . Morales has made bare assertions in regards to trial counsel's ineffectiveness because he is not asserting that claim at this time or asking the Court to reach merits [sic] of such an issue.

Pet'r's Objections to Report and Recommendation, ECF No. 363 *10. Accordingly, this Court will only consider the magistrate judge's report as to this claim under the more deferential clearly erroneous standard.

The magistrate judge reported that the petitioner's claims regarding counsel's trial strategy provided no specific example of what counsel allegedly did or failed to do. Further, the magistrate judge found that there was nothing in the record to support petitioner's claim that he was in dismay over the representation of trial counsel and repeatedly asked counsel to withdraw. The magistrate notes that at sentencing, petitioner answered in the affirmative when asked by this Court if he was satisfied with counsel's representation. The petitioner also made a statement at sentencing listing the things he was dissatisfied with during pretrial and trial, but none involved counsel's representation. Finally, petitioner was offered a plea agreement but later recanted all statements he had made and decided to go to trial. As the magistrate judge found, although the petitioner claims he was coerced by counsel to do so, there is nothing in the record to support such an allegation.

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. <u>Id.</u> at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). The magistrate judge's finding was thus not clearly erroneous. The record shows that petitioner stated, while under oath, that he was satisfied with counsel's representation. Additionally, the record fails to reveal any of the allegations put forth by the petitioner. As the magistrate judge reported, the petitioner's unfounded allegations failed to show that counsel's performance fell below an objective standard or that he was prejudiced by that performance. Accordingly, the petitioner's claims as to ineffective assistance of trial counsel fail.

C.   <u>Ineffective Assistance of Appellate Counsel</u>

The petitioner has also failed to satisfy the <u>Strickland</u> test as applied to ineffective assistance of appellate counsel claims. Under that test, when applying <u>Strickland</u> to appellate counsel claims, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" <u>Bell v. Jarvis</u>, 236 F.3d 149, 164 (4th Cir. 2000) (quoting <u>Pruett v. Thompson</u>, 996 F.2d 1560, 1568 (4th

Cir. 1993)). Petitioner did address the magistrate judge's recommendation to deny petitioner's ineffective assistance of appellate counsel claim. Thus, this claim will be reviewed under a de novo standard.

The petitioner argues in his petition and objections that he asked appellate counsel to withdraw but instead counsel filed an appeal on the petitioner's behalf. The petitioner contends that he wanted counsel to withdraw so that he could raise an ineffective assistance of counsel claim on appeal. Thus, the petitioner avers that he was unable to raise the claims that he wanted to raise on appeal and thus should be afforded another chance to file an appeal with the Fourth Circuit.

To the contrary, the record shows that the petitioner filed a pro se motion for rehearing en banc with the Fourth Circuit after it denied the appeal filed by petitioner's appellate counsel. This motion did not argue that appellate counsel was ineffective, but continued to make the same allegations as those raised in the initial appeal. Therefore, although the petitioner claims in his objections that his claim is "uncontested," the record itself provides enough evidence to contest the petitioner's claim. When filing the pro se motion, the petitioner had the chance to advance his claims of ineffective assistance of counsel and put forth his allegations that appellate counsel would not withdraw. Because petitioner did not do so, and further made the same arguments that

appellate counsel made in the initial appeal, the petitioner cannot overcome the presumption that appellate counsel put forth the claims that were likely to afford relief on appeal. Thus, this claim too fails.

As to the petitioner's claim of a denial of the right to appeal, this Court finds that this claim fails. As shown above, the petitioner's pro se motion to the Fourth Circuit did not claim that appellate counsel failed to consult him on filing the appeal. The allegations of the petitioner are simply not supported by the petitioner's actions and filings in his direct appeal.

## V. Conclusion

For the reasons stated above, based upon a clearly erroneous and de novo review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, as to those portions denied upon a de novo review, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   November 6, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE